## (January 23, 1968)

■ In the Matter of the CITY OF NEW YORK, Respondent-Appellant, Relative to Acquiring Title to Property in the Borough of Manhattan. FIFTH AVENUE COACH LINES, INC., Appellant-Respondent. (and Four Other Proceedings.) — Fifth separate and partial final decree affirmed, without costs or disbursements to any party. The awards which were made below for certain of the condemnees' intangible going concern assets were quite generous. While they did not pass beyond those elusive figures which prompt a reviewing court to stamp recoveries as excessive, some of us would not have voted to increase smaller

awards. Special Term made no award for several intangibles, as recited in the dissenting opinion. In affirming these determinations we do not hold that the condemnees should not be compensated for the value of the intangibles involved — if they had any value. The Court of Appeals (18 N Y 2d 212) clearly enunciated such a right to compensation. But in each of the categories in which no award was made there was a failure by claimants to present sufficient proof to support an award. We do not ignore the possibility that proof might still be available to warrant modest awards for some of these intangibles; but since sufficient evidence was not forthcoming on either the original or the remanded hearings, we do not deem it appropriate to remand these items on so speculative a premise for a third round of hearings. Concur — Botein, P. J., Eager, Capozzoli and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: I dissent and vote to remand for yet further consideration in accord with the views expressed herein. In my view Special Term has not followed the mandate of the Court of Appeals. This matter was remanded " to Special Term for a determination of the value of the going concern assets as an addition to the amount heretofore awarded ". (*Matter of City of New York* [*Fifth Ave. Coach Lines*], 18 N Y 2d 212, 224 [1966].) And these going concern assets were stated to include: coach routes, operating schedules, operating records and systems of procedures, accounting and maintenance records, trained personnel — and franchises — " all going concern assets for which claimants must be duly compensated." And further, the Court of Appeals declared (18 N Y 2d 212, 221) : " The measure of value in this case is the cost of putting the entire transit systems together new plus all improvements, tangible and intangible, less depreciation." Instead, Special Term made no allowance at all for the layout of coach routes or route development; none for operating records and systems of procedures, nor for maintenance, accounting or personnel. Nothing for the selection and arrangement of shop and garage equipment. And not one sou for franchises. And instead of adhering to the measure of damages laid down by the Court of Appeals, Special Term announced it would first " determine what a hypothetical willing buyer would probably pay for the intangible assets," although there was no market for this public utility, the largest venture of its kind in the Nation. The complete disallowance of any value for the franchises is mystifying. Particularly, in view of the fact that, as stated by the Court of Appeals: " claimants' property was a viable operative transit system and was taken as such, with a clearly expressed intent to so operate it after the forced transfer of title." (P. 223.) A finding that franchises, operating rights and permits, are noncompensable ignores the fact that the grant of a bus franchise represents property. " A franchise, like other forms of property, is protected both by the State and Federal Constitutions against a substantial curtailment or destruction by the government without payment of fair compensation. (*City of Los Angeles* v. *Los Angeles Gas & Elec. Corp.*, 251 U. S. 32, 39.) " (See, *Eighth Ave. Coach Corp.* v. *City of New York,* 286 N. Y. 84, 96.) It may be the perpetual franchises were not formerly condemned; they were condemned *de facto,* and compensation for their loss to Fifth Avenue should ensue, according to the directions of the Court of Appeals. Nor were the nonexclusive franchises without value. They also were compensable. (See, *Los Angeles* v. *Los Angeles Gas Corp.*, 251 U. S. 32, *supra.*) And the Court of Appeals herein, has also so indicated. Thus, in my judgment, the matter must again be remanded for the purpose of a proper development of the record in respect of those claims for which compensation was improperly denied. Nor is this direction at all critical of the painstaking efforts of Special Term, whose labors and meticulousness are manifest. If any inadequacy exists it is with relation to the type and presentation of proof. In this area, dishonors

are even. In any event, this entire matter made difficult by so many opaque intricacies, must be viewed in the light of the higher court's observations: (a) that the current obligations in excess of $19,000,000 are the usual debts of a going concern which are normally recouped in the course of a continuing business, and (b) that the claimants' properties and operations, from which they were disestablished, now constitute a "highly profitable operation" and presumably but for political impediments would have been such at the time the city took over their operations. (See, *Matter of Port Auth. Trans-Hudson Corp. [Hudson Rapid Tubes Corp.]*, 20 N Y 2d 457 [dissenting opn., Burke, J.].) True, it may be impossible to determine with mathematical precision the exact value of the claimants' franchises, but it would be inequitable because of this to deny them any value at all. And although ordinarily present is the rule that compensation should be equated with the owner's loss and not the taker's gain, nevertheless even here this rule must bend to achieve equity between the parties. (*Matter of City of New York [James St.]*, 21 N Y 2d 293.) Accordingly, in my view the present result herein is inconsonant with both equitable and constitutional considerations; thus, I recommend that the proceeding be remanded for further evaluation, and if necessary, for the taking of additional testimony.